**Munley Law, PC**
**The Forum Plaza - 227 Penn Avenue**
**Scranton, PA 18503**
**570-346-7401**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOUGLAS CHAPMAN and | : | |
| SUSAN CHAPMAN, | : | |
| Husband and Wife, | : | |
| Plaintiffs | : | |
| | : | CIVIL ACTION - LAW |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA | : | |
| and MARIA PAVLICKA, | : | |
| Defendants | : | No. |

## COMPLAINT

**NOW**, come Plaintiffs, Douglas Chapman and Susan Chapman, by and through their undersigned counsel, Munley Law, P.C., and aver as follows:

## PARTIES

1.     Plaintiff, Douglas Chapman, is a competent adult individual residing at 688 Keystone Road, Lake Ariel, Wayne County, Pennsylvania.

2.     Plaintiff, Susan Chapman, is a competent adult individual residing at 688 Keystone Road, Lake Ariel, Wayne County, Pennsylvania.

3.     Defendant, United States of America (USA), through its agency, the United States Postal Service ("USPS"), provides mail service within the United

States, and has an office at National Tort Center, U.S. Postal Service, 1720 Market Street, Room 2400, St. Louis, Missouri 63155-9948.

4.      Defendant, Maria Pavlicka, upon information and belief, is a competent adult individual residing at 3407 Pine Hollow Road, Pocono Lake, Monroe County, Pennsylvania.

## JURISDICTION AND VENUE

5.      This Civil Action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C.A. §2671 et seq.

6.      This Court has original jurisdiction over this Civil Action pursuant to 28 U.S.C.A. §1346, as the action arises from a motor vehicle incident on August 8, 2017, in which an alleged agent/employee of the United States Postal Service, Maria Pavlicka, while delivering mail during the course and scope of her employment as a USPS mail carrier, made an improper left-hand turn and struck a motorcycle operated by Plaintiff, Douglas Chapman, causing him to sustain severe and permanent injuries.

7.      This Court has supplemental jurisdiction over the related claims against Defendant, Maria Pavlicka, in this Civil Action pursuant to 28 U.S.C.A. §1367.

8.      Venue is proper in the United States District Court for the Middle District of Pennsylvania, pursuant to 28 U.S.C. § 1391(b), as the motor vehicle

incident from which this Civil Action arises occurred within this judicial district,
specifically at the intersection of Clifton Beach Road and Quick Island Road,
Clifton Township, Lackawanna County, Pennsylvania.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9.     A claim for damages was filed timely with the United States Postal
Service by Plaintiffs, Douglas Chapman and Susan Chapman, on or about October
26, 2017.

10.     Plaintiffs, Douglas Chapman and Susan Chapman, deem the claims
denied as the United States Postal Service has failed to make a final disposition
within six months of filing the claims.

11.     Plaintiffs, Douglas Chapman and Susan Chapman, have exhausted all
administrative remedies in this case.

## FACTUAL ALLEGATIONS

12.     At all times pertinent hereto, Defendant United States of America
(USA), through its agency USPS, operated a postal service known as Gouldsboro
United States Postal Service located at Route 507, Gouldsboro, Pennsylvania.

13.     At all times pertinent hereto, Defendant Maria Pavlicka, was acting as
an agent, servant, ostensible agent, workman, contractor, and/or employee of the
USPS, as a mail carrier pursuant to a Highway Contract Route ("HCR") contract,
operating from the USPS facility located at Route 507, Gouldsboro, Pennsylvania,

acting within the course and scope of the HCR contract with the USPS.

14.     At all times pertinent hereto, Defendant United States of America, through its agency USPS, retained control over the manner in which Defendant Maria Pavlicka performed the work under the HCR contract.

15.     At all times pertinent hereto, Defendant United States of America, through its agency USPS, contractually authorized Defendant Maria Pavlicka, under the HCR contract, to act on its behalf for specific activities delineated by the HCR contract.

16.     At all times pertinent hereto, Defendant Maria Pavlicka, was the owner and operator of a 2002 Jeep Wrangler that she utilized to deliver mail for the USPS to mail boxes from the USPS Gouldsboro facility within the course and scope of the HCR contract.

17.     On or about August 8, 2017, at approximately 11:20 a.m., Plaintiff, Douglas Chapman, was operating a 2006 Harley-Davidson motorcycle in an eastbound direction on Clifton Beach Road, a two-lane highway, in Clifton Township, Lackawanna County, Pennsylvania, approaching the intersection of Clifton Beach Road and Quick Island Road.

18.     At the same time and place, Defendant Maria Pavlicka was operating the aforesaid vehicle traveling westbound on Clifton Beach Road, approaching the intersection of Clifton Beach Road and Quick Island Road, in the opposite

direction of Plaintiff, Douglas Chapman, on her scheduled mail box delivery route.

19.     Defendant Maria Pavlicka operated her vehicle in such a negligent, careless, and reckless manner, that she attempted to make a left-hand turn onto Quick Island Road to make a mail box delivery and turned her vehicle into the eastbound lane of travel, directly into the path of Plaintiff Douglas Chapman's oncoming motorcycle, and struck the motorcycle, causing Plaintiff, Douglas Chapman, to suffer severe and permanent injuries described below.

20.     As a result of the aforesaid incident, Douglas Chapman has suffered, yet suffers and will/may suffer from for an indefinite time in the future, multiple injuries, including but not limited to, multiple contusions and abrasions, multiple fractures, including fractures to his right hip, Grade 3 open left femoral shaft fracture, Grade 3 open left comminuted segmental tibial shaft fracture, Grade 3 open left segmental fibula shaft fracture, Grade 3 open left patella fracture, closed right peritrochanteric femur fracture, and L3 vertebral body fracture, surgical amputation of his left lower leg below the knee, and shock to his nerves and nervous system, all of which have caused him, continue to cause him and will/may cause him for an indefinite time in the future, great pain, agony and suffering, both physical and mental.

21.     As a result of the aforesaid incident and injuries sustained, Douglas Chapman has been forced to undergo medical treatment, including multiple

surgeries that included surgical amputation of his left lower leg below the knee,

and will/may be forced to undergo medical treatment for an undetermined time in

the future.

22.    As a result of the aforesaid incident and injuries sustained, Plaintiffs,

Douglas Chapman and Susan Chapman, have expended, yet expend and will/may

expend for an indefinite time in the future various and substantial sums of money

for the medicine, equipment, rehabilitation and medical attention in and about

endeavoring to treat and cure Douglas Chapman, all to their great financial loss

and damage.

23.    As a result of the aforesaid incident and injuries sustained, Douglas

Chapman has been, still is and will/may for an indefinite time in the future, be

unable to go about his usual and daily occupations and routines.

24.    As a result of the aforesaid incident and injuries sustained, Douglas

Chapman has been, still is and will/may for an indefinite time in the future be

forced to forgo the pleasures of life.

25.    As a result of the incident and injuries sustained, Douglas Chapman

has suffered, still suffers and will/may continue to suffer wage diminution or

lessening of his earning power and earning capacity and will/may continue to

suffer same forever in the future.

**COUNT ONE**
**Douglas Chapman v. Maria Pavlicka**
**Negligence**

26.    Paragraphs 1-25 above are incorporated herein by reference as if fully set forth here at length

27.    The aforesaid collision was due solely to the negligent, careless, and reckless conduct of Defendant Maria Pavlicka and in no way due to any negligent act or failure to act on the part of the Plaintiffs.

28.    The negligent, careless, and reckless conduct of Defendant, Maria Pavlicka, consisted of the following:

      a.    failure to properly observe the roadway;

      b.    failure to properly brake her vehicle;

      c.    failure to maneuver her vehicle so as to avoid a collision;

      d.    failure to maintain adequate control over her vehicle;

      e.    failure to take proper evasive action so as to avoid a crash;

      f.    failure to keep a proper lookout for vehicles on the roadway;

      g.    failure to make a proper left turn within an intersection in violation of 75 Pa.C.S.A. §3322;

      h.    following more closely to the Plaintiff than was reasonable and prudent under the circumstances in violation of 75 Pa.C.S.A. §3310(a);

i.    operating her vehicle in a careless manner in violation of 75
      Pa.C.S.A. §3714;

j.    operating her vehicle at a speed greater than was reasonable and
      prudent under the then-existing conditions in violation of 75
      Pa.C.S.A. § 3361;

k.    operating her vehicle without due regard for the rights, safety,
      and position of Plaintiff lawfully on the roadway;

l.    driving recklessly and with willful and wanton disregard for the
      safety of persons or property in violation of 75 Pa.C.S.A.
      §3736;

m.    sending, reading, and/or writing a text-based communication
      while operating a motor vehicle;

n.    failure to give warning of her approach;

o.    failure to remain attentive and to maintain a sharp lookout in
      the area in which she was operating her vehicle;

p.    failure to operate her vehicle within the assured clear distance
      in violation of 75 Pa.C.S.A. §3361;

q.    failure to operate her vehicle in a safe manner in accordance
      with the conditions then and there present;

r.    Failure to exercise a degree of care which an ordinary and

prudent person would have done under the circumstances;

s.    Operating her vehicle in a careless manner in violation of 75 Pa.

C.S.A. §3714;

t.    Failure to slow down in light of the conditions then and there

existing in violation of 75 Pa.C.S.A. §3361;

u.    failure to obey the rules of the road, the statutes of the

Commonwealth of Pennsylvania and the ordinances of the

Clifton Township, in and about operating her vehicle on the

highways and roadways of the Commonwealth of

Pennsylvania; and

v.    such other acts and omissions as shall be discovered during the

course of proper discovery under the applicable Pa. Rules of

Civil Procedure.

29.    As a result of the above-stated acts and omissions, Plaintiff Douglas

Chapman has suffered such harm as has been previously stated herein.

**WHEREFORE**, Plaintiff, Douglas Chapman, demands judgment in his

favor and against Defendant, Maria Pavlicka, in an amount in excess of $75,000.00

plus delay damages, costs and such other relief as this Court deems appropriate.

## COUNT TWO
## Douglas Chapman v. United States of America
## Negligence

30.     Paragraphs 1-29 are incorporated herein by reference as if fully set forth here at length.

31.     The aforementioned collision was due to the negligent conduct, careless conduct, and gross, wanton, and reckless conduct of Defendant, United States of America, through its agency USPS, and/or its agents, ostensible agents, servants, workmen, contractors and/or employees and in no way due to the negligent act or failure to act on the part of Plaintiff, Douglas Chapman.

32.     The negligent, careless, and reckless conduct of Defendant, United States of America, by and through the acts and/or omissions of its agents, servants, workmen, contractors and/or employees, including but not limited to Defendant Maria Pavlicka, consisted of the following:

      a.     failure to properly observe the roadway;

      b.     failure to properly brake her vehicle;

      c.     failure to maneuver her vehicle so as to avoid a collision;

      d.     failure to maintain adequate control over her vehicle;

      e.     failure to take proper evasive action so as to avoid a crash;

      f.     failure to keep a proper lookout for vehicles on the roadway;

      g.     failure to make a proper left turn within an intersection in

violation of 75 Pa.C.S.A. §3322;

h.   following more closely to the Plaintiff than was reasonable and prudent under the circumstances in violation of 75 Pa.C.S.A. §3310(a);

i.   operating her vehicle in a careless manner in violation of 75 Pa.C.S.A. §3714;

j.   operating her vehicle at a speed greater than was reasonable and prudent under the then-existing conditions in violation of 75 Pa.C.S.A. § 3361;

k.   operating her vehicle without due regard for the rights, safety, and position of Plaintiff lawfully on the roadway;

l.   driving recklessly and with willful and wanton disregard for the safety of persons or property in violation of 75 Pa.C.S.A. §3736;

m.   sending, reading, and/or writing a text-based communication while operating a motor vehicle;

n.   failure to give warning of her approach;

o.   failure to remain attentive and to maintain a sharp lookout in the area in which she was operating her vehicle;

p.   failure to operate her vehicle within the assured clear distance

in violation of 75 Pa.C.S.A. §3361;

q.    failure to operate her vehicle in a safe manner in accordance with the conditions then and there present;

r.    Failure to exercise a degree of care which an ordinary and prudent person would have done under the circumstances;

s.    Operating her vehicle in a careless manner in violation of 75 Pa. C.S.A. §3714;

t.    Failure to slow down in light of the conditions then and there existing in violation of 75 Pa.C.S.A. §3361;

u.    failure to obey the rules of the road, the statutes of the Commonwealth of Pennsylvania and the ordinances of the Clifton Township, in and about operating her vehicle on the highways and roadways of the Commonwealth of Pennsylvania; and

v.    such other acts and omissions as shall be discovered during the course of proper discovery under the applicable Pa. Rules of Civil Procedure.

33.    The negligent conduct, careless conduct, and gross, wanton and reckless conduct of Defendant, United States of America, through its agency USPS, in its own right, consisted of the following:

a.  Negligently hiring, supervising, training and/or retaining Defendant Maria Pavlicka;

b.  Negligently permitting Defendant Maria Pavlicka to drive for the USPS when it knew or should have known that she was unfit to do so;

c.  Negligently permitting Defendant Maria Pavlicka to act on its behalf for specific activities delineated by the HCR contract;

d.  Negligently retaining control over the manner in which Defendant Maria Pavlicka performed the work under the HCR contract;

e.  Negligently authorizing Defendant Maria Pavlicka, under the HCR contract, to act on its behalf for specific activities delineated by the HCR contract;

f.  Failing to adequately instruct Maria Pavlicka in the safe operation of the vehicle prior to entrusting her with it;

g.  Failing to prevent Maria Pavlicka from operating the vehicle until she had sufficient ability to operate the motor vehicle safely;

h.  Failing to adequately ascertain that Maria Pavlicka lacked the ability necessary to safely operate the vehicle under the circumstances;

i.  Failure to provide Maria Pavlicka with the equipment necessary to safely operate the vehicle;

j.  Failure to maintain the brakes on the vehicle;

k.  Failure to adequately train and oversee their employees, including
Maria Pavlicka, in the inspection and operation of its vehicle;

l.  Permitting Maria Pavlicka to operate its vehicle when it knew or
should have known that she was unfit to do so;

m.  Permitting Maria Pavlicka to operate its vehicle when it knew or
should have known she would drive while being distracted and/or
fatigued;

n.  Permitting Maria Pavlicka to operate its vehicle when it knew or
should have known that the requirements for Maria Pavlicka to earn
income from operating its vehicle would cause Maria Pavlicka to
violate the rules of the road and/or drive while distracted and/or
fatigued;

o.  Failure to provide Maria Pavlicka with proper training necessary to
drive the vehicle; and

p.  Such other negligence, recklessness, and/or willful and wanton
conduct as shall be revealed in discovery under the Pennsylvania
Rules of Civil Procedure.

34.  As a result of the above-stated acts and omissions, Plaintiff Douglas
Chapman has suffered such harm as has been previously stated herein.

**WHEREFORE**, Plaintiff, Douglas Chapman, demands judgment in his favor and against Defendant, United States of America, in an amount in excess of $75,000.00 plus delay damages, costs and such other relief as this Court deems appropriate.

## COUNT THREE
### Susan Chapman v. Maria Pavlicka
### Loss of Consortium

35.     Paragraphs 1-34 are incorporated herein by reference as if fully set forth here at length.

36.     At all times pertinent, Plaintiff, Susan Chapman, was and is the wife of Plaintiff, Douglas Chapman.

37.     Solely due to the negligent conduct of Defendant Maria Pavlicka in causing the injuries to Plaintiff, Douglas Chapman, Susan Chapman, as wife of Plaintiff, Douglas Chapman, has been, yet is and will forever in the future be obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure her husband of his injuries.

38.     By reason of the aforesaid incident, Plaintiff, Susan Chapman, has been, yet is, and will be in the future deprived of the assistance and society of her husband, all of which has been and will be to her great financial loss and detriment.

**WHEREFORE**, Plaintiff, Susan Chapman, demands judgment against Defendant, Maria Pavlicka, in an amount in excess of $75,000.00 plus interest, costs and such other relief as this Court deems appropriate.

## COUNT FOUR
### Susan Chapman v. United States of America
### Loss of Consortium

39.     Paragraphs 1-38 are incorporated herein by reference as if fully set forth here at length.

40.     At all times pertinent, Plaintiff, Susan Chapman, was and is the wife of Plaintiff, Douglas Chapman.

41.     Solely due to the negligent conduct of Defendant, United States of America, in causing the injuries to Plaintiff, Douglas Chapman, Susan Chapman, as wife of Plaintiff, Douglas Chapman, has been, yet is and will forever in the future be obliged to expend various sums of money for medicine and medical attention in and about endeavoring to treat and cure her husband of his injuries.

42.     By reason of the aforesaid incident, Plaintiff, Susan Chapman, has been, yet is, and will be in the future deprived of the assistance and society of her husband, all of which has been and will be to her great financial loss and detriment.

**WHEREFORE**, Plaintiff, Susan Chapman, demands judgment against Defendant, United States of America, in an amount in excess of $75,000.00 plus interest, costs and such other relief as this Court deems appropriate.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a jury trial as to all issues so triable as a matter of right pursuant to Federal Rule of Civil Procedure 38(b)(1).

**MUNLEY LAW, P.C.**

By:    <u>  Caroline Munley /s/            </u>
Caroline Munley
Pa. Id. No. 92525
Attorney for Plaintiffs
Marion Munley
Pa. Id. No. 46957
Attorney for Plaintiffs