**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DOUGLAS CHAPMAN, *et al.*, | : | Civil No. 3:19-CV-00797 |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, *et al.*, | : | |
| | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## <u>MEMORANDUM</u>

Before the court is Defendant United States of America's ("United States")

motion to dismiss and/or for summary judgment.  In this litigation, Plaintiff

Douglas Chapman alleges that Defendant Maria Pavlicka, an employee of the

United States Postal Service ("USPS"), is liable for the injuries he suffered due to

her negligent driving while delivering mail.  Plaintiff Douglas Chapman further

claims that, under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346,

2671–80, Defendant United States, through its agency the USPS, is subject to

liability for Defendant Pavlicka's negligence through respondeat superior, and for

its own negligence in its hiring, supervising, training, and retaining Defendant

Pavlicka.  Plaintiff Susan Chapman, the wife of Plaintiff Douglas Chapman, also

brings a loss of consortium claim against Defendants Pavlicka and United States.

Defendant Pavlicka filed a cross claim against Defendant United States for

indemnification as her employer.  Defendant United States now seeks to dismiss all

of the claims against the United States for lack of subject matter jurisdiction under the FTCA.  For the reasons that follow, the court grants Defendant United States' motion to dismiss.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Douglas Chapman filed suit against Defendant Pavlicka for her negligent driving, and Defendant United States, through its agency the USPS, for respondeat superior liability and for its own negligence in hiring, supervising, training, and retaining Defendant Pavlicka.  (Doc. 1, at 7–15.)[1]  Plaintiff Susan Chapman joins in her husband's suit, claiming that Defendants Pavlicka and United States are liable to her for loss of consortium.  (*Id.* at 15–16.)

The following factual background is gleaned from Plaintiffs' complaint, *Id.*, and the sealed exhibits attached to Defendant United States' motion to dismiss for lack of subject matter jurisdiction and/or for summary judgment, Doc. 19.[2] Plaintiffs have had an opportunity to review the sealed exhibits, Docs. 20, at 17–18; 23, at 6–7, and have not objected to the court considering these exhibits as

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

[2] When a party mounts a factual attack to subject matter jurisdiction, the court is not restricted to considering the allegations in the complaint and "must weigh the evidence relating to jurisdiction" with discretion to allow affidavits and documents. *Turicentro, S.A. v. American Airlines, Inc.*, 303 F.3d 293, 300 n.4 (3d Cir. 2002), *overruled on other grounds by Animal Sci. Prods. v. China Minmetals Corp.,* 654 F.3d 462 (3d Cir. 2011).

previously stated in the court's order, Doc. 27, at 3, granting Defendant United States' motion to seal such exhibits, Doc. 18.

Plaintiffs Douglas and Susan Chapman are spouses who reside in Wayne County, Pennsylvania.  (Doc. 1, at ¶¶ 1–2.)  Defendant Pavlicka served as a "supplier" for the USPS.  (Doc. 19, at 8, 9, 11, 13, 15, 20.)

On August 8, 2017, Plaintiff Douglas Chapman was driving his motorcycle when he collided with Defendant Pavlicka's vehicle, while she was on her scheduled mail delivery route.  (Doc. 1, at ¶¶ 17–19.)  As a result, Plaintiff Douglas Chapman suffered severe and permanent injuries.  (*Id.* at ¶ 20.)

At the time of the collision, Defendant Pavlicka was operating a postal service route in Goldsboro, Pennsylvania pursuant to a six-year highway contract route ("HCR"), HCR 184B3, with the USPS.  (Doc. 19, at 17, 19.)  According to Mario Perales, a purchasing and supply maintenance specialist and contracting officer for the USPS, the USPS uses employees to distribute mail in certain parts of the country and independent contractors to distribute mail in other parts, particularly in rural places.  (*Id.* at 3.)  The independent contractors hired by the USPS are referred to as contract delivery service ("CDS") suppliers.  (*Id.*)  To clarify, a "CDS" contract is a subset of "HCR" contracts where the USPS hires an individual or an entity for delivery and collection of mail for certain customers. United States Postal Service, Contract Delivery Service Costs, CP-AR-19-002, at 1

(August 20, 2019), *available at*

https://www.uspsoig.gov/sites/default/files/document-library-files/2019/CP-AR-

19-002.pdf.

Pursuant to Defendant Pavlicka's HCR contract, she was responsible for

providing services under the contract personally or supervising her own

representatives.  (Doc. 19, at 54.)  Her HCR contract set forth her mail delivery

route, including the precise order of turns down different streets, the time in which

certain tasks should be completed, and the manner in which she must distribute the

mail to protect its "sanctity."  (*Id.* at 19–24, 25.)  Under her HCR contract,

Defendant Pavlicka was also required to wear a specific uniform and submit to

various security clearances and background checks.  (*Id.* at 23–24, 27.)

With respect to her transportation equipment, Defendant Pavlicka's HCR

contract required her to provide her own vehicles in accordance with certain design

specifications and maintenance requirements.  (*Id.* at 21–23.)  Her HCR contract

also required Defendant Pavlicka to maintain sufficient stand-by equipment for

extra trips, mechanical failures, and vehicle maintenance.  (*Id.* at 21.)

Additionally, she was "solely liable" for any loss, damage, maintenance, or repairs

to her equipment, and was required to comply with specific equipment safety

standards and insure her equipment at certain levels.  (*Id.* at 26, 28–29.)  Not only

was Defendant Pavlicka responsible for maintaining the safety of her own

equipment and subcontractors, but she was also responsible for any damage to the persons or property of others that occurred as a result of her negligence; this was in addition to the requirement that she take proper safety precautions to ensure the health of the public and environment. (*Id.* at 26, 28, 54.)

Plaintiffs exhausted their administrative remedies by filing a claim for damages with the USPS, which was subsequently denied. (Doc. 1, at ¶¶ 9–11.) Plaintiffs then filed suit against Defendants Pavlicka and United States in this court. (*See id.*) On July 15, 2019, Defendant Pavlicka filed a cross claim for indemnification against Defendant United States. (Doc. 4.) On March 6, 2020, Defendant United States filed a motion to dismiss for lack of subject matter jurisdiction and/or for summary judgment. (Doc. 15.) Defendant United States subsequently filed a brief in support of its motion, Doc. 16, a statement of facts, Doc. 17, and a file of sealed exhibits, including the declaration of Mario Perales and various sections of Defendant Pavlicka's HCR contract with the USPS at the time of the collision, Doc. 19. On April 3, 2020, Plaintiffs Susan and Douglas Chapman filed a brief in opposition to Defendant United States' motion, Doc. 20, and an answer to its statement of facts, Doc. 21. On April 10, 2020, Defendant Pavlicka filed a brief in opposition to Defendant United States' motion, Doc, 23,

and an answer to its statement of facts, Doc, 22.[3]  On April 17, 2020, Defendant United States filed a reply brief.  (Doc. 24.)  The motion is fully briefed and ripe for review.

## JURISDICTION

Under the FTCA, this court has jurisdiction over any claims that arise against the United States due to certain types of negligent governmental conduct. 28 U.S.C. § 1346.  Pursuant to 28 U.S.C. § 1367, this court has supplemental jurisdiction "over all other claims that are so related to claims in the action" over which the court has original jurisdiction, such that all claims "form part of the same case or controversy."

## STANDARD OF REVIEW

As an initial matter, the court will address Defendant United States' motion under Federal Rule of Civil Procedure 12(b)(1) rather than under Federal Rule of Civil Procedure 56 for summary judgment because Defendant United States raises a subject matter jurisdiction issue.  *See Norman v. United States,* 111 F.3d 356, 357 (3d Cir. 1997) (affirming the district court's decision in an FTCA case to analyze a motion for relief under 12(b)(1), though the government moved for summary judgment, because the motion concerned subject matter jurisdiction); *see also CNA*

---

[3] Defendant Pavlicka raises substantially the same arguments in her briefing as those of Plaintiffs, so the court will reference Plaintiffs' briefing for the sake of simplicity. (*See* Doc. 23.)

*v. United States*, 535 F.3d 132, 144 (3d Cir. 2008), *as amended* (Sept. 29, 2008)

(when addressing FTCA claims the Third Circuit's "approach has been to make

disputes over the scope-of-employment requirement of 28 U.S.C. § 1346(b)(1)

jurisdictional.").

Under Rule 12(b)(1), a court may treat a motion to dismiss for lack of

subject matter jurisdiction either as a facial or a factual attack. *Gould Electronics*

*Inc. v. United States*, 220 F.3d 169, 189 (3d Cir. 2000). When evaluating a

Rule 12(b)(1) facial attack, the court may only consider the allegations contained

in the complaint and exhibits attached to the complaint. *Pension Benefit Guar.*

*Corp. v. White Consol. Indus. Inc.*, 998 F.2d 1192, 1196–97 (3d Cir. 1993). On the

other hand, if the defendant submits evidence that controverts the plaintiff's

allegations, by way of an answer or competing factual averments, the court may

treat the motion to dismiss as a factual challenge. *Long v. Southeastern*

*Pennsylvania Transportation Authority*, 903 F.3d 312, 320 (3d Cir. 2018). In these

cases, a presumption of truthfulness does not attach to the plaintiff's allegations

and the "the plaintiff will have the burden of proof that jurisdiction does in fact

exist." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.

1977). The court is not restricted to considering the allegations in the complaint.

*Turicentro, S.A.,* 303 F.3d at 300 n.4, *overruled on other grounds by Animal Sci.*

*Prods.*, 654 F.3d 462. Instead, the district court "must weigh the evidence relating

to jurisdiction, with discretion to allow affidavits, documents, and even limited evidentiary hearings." *Id.*

**DISCUSSION**

Plaintiffs claim that Defendant United States is liable for (1) injuries caused by Defendant Pavlicka's negligence, and (2) its own negligent hiring, supervision, training, and retention practices. (Doc. 1.) Defendant Pavlicka also claims that Defendant United States is liable to her for indemnification as her employer. (Doc. 4.) Defendant United States mounts a factual attack under Rule 12(b)(1) by attaching to its motion various sections of Defendant Pavlicka's HCR contract with the USPS, which according to Defendant United States show that Defendant Pavlicka was an independent contractor, not an employee. (Doc. 16, at 6.) Plaintiffs oppose Defendant United States' motion and request the opportunity to conduct limited jurisdictional discovery. (Doc. 20, at 17–22.)

**A. The court denies the request for jurisdictional discovery.**

To start, Plaintiffs' request to conduct limited jurisdictional discovery will be denied. District courts have broad discretion to allow jurisdictional discovery. *See Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987) ("The conduct of discovery is a matter for the discretion of the district court and its decisions will be disturbed only upon a showing of an abuse of this discretion."). The requesting party bears the burden of showing the necessity of additional

discovery and is entitled to such discovery only when the record demonstrates that the requested information is "likely to produce the facts needed to withstand a Rule 12(b)(1) motion." *Wright v. New Jersey/Dep't of Educ.*, 115 F. Supp. 3d 490, 497 (D.N.J. 2015) (quoting *Freeman v. United States*, 556 F.3d 326, 342 (5th Cir. 2009)). This burden is especially important "where the party seeking discovery is attempting to disprove the applicability of an immunity-derived bar to suit because immunity is intended to shield the defendant from the burdens of defending the suit, including the burdens of discovery." *Freeman*, 556 F.3d at 342.

In this case, Plaintiffs and Defendant Pavlicka are not entitled to the discovery they request because they have neither explained what it will reveal nor contended that Defendant Pavlicka's contract was applied differently than it was written. (*See* Docs. 20, 23.) Defendant United States has already provided various sections of the HCR contract between Defendant Pavlicka and the USPS, detailing the terms of Defendant Pavlicka's employment at the time of the accident, which courts routinely hold is all that is needed in a case such as this. *See Smiley v. Artisan Builders*, No. CIV.A. 13-7411, 2015 WL 3948044, at *4 (E.D. Pa. June 26, 2015) (collecting cases where the court solely analyzed the contract between the federal agency and the alleged tortfeasor to determine employment status); *see also Fallecker v. United States*, No. 2:19-CV-01253-RJC, 2020 WL 2933338, at *5 (W.D. Pa. June 3, 2020) (finding "that based on the unambiguous language" of the

contract between the alleged tortfeasor and the USPS, the court lacked subject

matter jurisdiction as the alleged tortfeasor was an independent contractor);

*Marshall-Lee v. U.S. Dep't of Veterans Affairs*, No. CV 18-2333, 2018 WL

5296375, at *5 (E.D. Pa. Oct. 25, 2018) (same).  The court will thus proceed to

address the substance of Defendant United States' motion.

   **B. Under the FTCA, this court lacks subject matter jurisdiction over Plaintiffs' claims.**

   Plaintiffs claim that under the FTCA Defendant United States can be held

liable for the negligence of Defendant Pavlicka as her employer and for its own

negligence in hiring, training, supervising, and retaining Defendant Pavlicka.  In

response, Defendant United States argues that this court lacks subject matter

jurisdiction over Plaintiffs' claims because two exceptions to the FTCA shield it

from liability, i.e., the independent contractor exception and the discretionary

function exception.

   The doctrine of sovereign immunity provides that the United States and its

agencies cannot be sued unless there is consent to suit or a waiver of sovereign

immunity.  *Stehney v. Perry,* 101 F.3d 925, 933 (3d Cir. 1996).  The FTCA

provides a limited waiver of sovereign immunity such that the United States has

subjected itself to liability for certain negligent acts of government employees.  *See*

28 U.S.C. § 1346(b).  Pursuant to the FTCA, the United States is liable in the same

way as a private party for injuries that are "caused by the negligent or wrongful act

or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2675(a).

This limited waiver of sovereign immunity ends where the independent contractor and discretionary function exceptions begin. The independent contractor exception provides that the government cannot be held liable for the negligent actions or omissions of an independent contractor because the definition of an "employee of the Government" specifically excludes "any contractor [working] with the United States." 28 U.S.C. § 2671; *see Norman*, 111 F.3d at 357. The discretionary function exception provides that the government cannot be held liable for any claim based on "the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). If a claim falls within either exception to FTCA liability, then sovereign immunity applies and the court lacks jurisdiction over the claim.

As explained in the following two sections, both FTCA exceptions apply to Plaintiffs' claims against Defendant United States: (1) Defendant Pavlicka was an independent contractor of Defendant United States, not an employee whose negligence might trigger FTCA liability; and (2) Defendant United States' decisions regarding Defendant Pavlicka's hiring, supervision, training, and

retention were discretionary actions that are protected from FTCA liability.  As a result, Defendant United States' motion will be granted in its entirety because this court lacks subject matter jurisdiction over all claims brought against Defendant United States.

### 1. The independent contractor exception shields Defendant United States from liability for Defendant Pavlicka's negligence.

Defendant United States argues that the independent contractor exception protects it from liability arising from the negligence of Defendant Pavlicka.  (Doc. 16, at 11.)  To support this assertion, Defendant United States attaches the declaration of Mario Perales and various sections of the HCR contract between Defendant Pavlicka and the USPS.  (Doc. 19.)  Defendant United States argues that these documents demonstrate that Defendant Pavlicka is an independent contractor because: (1) she was responsible for supervising and controlling services provided under her contract to the USPS; (2) she was responsible for providing, maintaining, and insuring her own equipment; (3) she could hire and manage her own subcontractors; and (4) she was obligated to take certain safety precautions to protect her subcontractors, the public, and the environment.  (Doc. 16, at 18–19.)

In response, Plaintiffs point to other facts in the same contract to demonstrate that Defendant Pavlicka was a government employee, and thus subject matter jurisdiction is proper, because the USPS controlled: (1) who she could hire;

(2) what she wore to work; (3) the route and manner that she performed her mail deliveries; and (4) the condition of her vehicle.  (*See* Doc. 20.)

The critical factor in distinguishing an employee from an independent contractor is the extent to which the government controls the "detailed physical performance" of the individual at issue.  *Norman,* 111 F.3d at 357.  When a federal actor supervises the "day-to-day operations" of the individual, she is generally considered an employee of the government.  *E.D. v. United States*, 764 F. App'x 169, 172 (3d Cir. 2019); *see also Leone v. United States*, 910 F.2d 46, 50 (2d Cir. 1990) ("The question is not whether a contractor must comply with federal regulations and apply federal standards, but whether its day-to-day operations are supervised by the Federal Government.").  When the individual manages the daily functioning of her job, but a federal actor retains broad supervisory powers, she is an independent contractor.  *Ryan v. United States*, 233 F. Supp. 2d 668, 677 (D.N.J. 2002).  "The contract need not expressly state that the government will refrain from exercising supervision for an independent contractor relationship to exist."  *Pace v. United States*, No. CIV.A. 07-3882(MLC), 2008 WL 4559598, at *3 (D.N.J. Oct. 9, 2008).  In other words, although the government may reserve the ability to inspect the individual's work and monitor its compliance with federal law, the individual may still be considered an independent contractor.  *Ryan*, 233 F. Supp. 2d at 677; *see also Smiley*, 2015 WL 3948044, at *4 ("Broad

governmental oversight is not sufficient to elevate a government vendor or service provider from independent contractor to employee status for the purpose of the FTCA.").

Numerous factors demonstrate that Defendant Pavlicka served as an independent contractor rather than a government employee. For one, various sections of the HCR contract between Defendant Pavlicka and the USPS state that she served as a "supplier." (Doc. 19, at 8, 9, 11, 13, 15, 20.) A "supplier" is ineligible to become an employee of the USPS. (*Id.* at 62.)

But more importantly, under the "Statement of Work" and "Statement of Work and Specifications," sections of Defendant Pavlicka's HCR contract, Defendant Pavlicka's duties as a "supplier" demonstrate that a federal actor did not have direct control over her day-to-day operations. First, Defendant Pavlicka was responsible for supervising, personally or through representatives, the operations of any subcontractors who provided services under her contract. (*Id.* at 54.) *See Jones v. United States*, No. 1:12-CV-00290-SEB, 2013 WL 2477288, at *5 (S.D. Ind. June 7, 2013) (holding that a mail carrier was an independent contractor because his contract gave him, not the USPS, the ability to hire, train, pay, and supervise the drivers needed to deliver services under his contract with the USPS). Second, Defendant Pavlicka was required to provide and maintain her own vehicles in addition to "readily available sufficient stand-by equipment" for extra

trips, mechanical failures, and vehicle maintenance. (*Id.* at 21.) *See Jones*, 2013 WL 2477288, at *6 (holding that a mail carrier was an independent contractor because his contract with the USPS required him to provide his own "equipment used in performance of the contract, albeit in conformance with the contract's required specifications"). Third, Defendant Pavlicka was "solely liable" for: (1) loss or damage to her equipment unless it was caused by the USPS; (2) any repairs or maintenance to her equipment; (3) compliance with vehicle safety standards; (4) insuring her equipment at certain levels; (5) all damage to persons or property that occurs as a result of her omission(s) or negligence; and (6) taking proper safety and health precautions to ensure the health of the public, the environment, and her workers. (Doc. 19, at 26, 28, 54.) *See Reyes Colon v. United States*, No. CV 18-1225 (PAD), 2019 WL 165578, at *2 (D.P.R. Jan. 10, 2019) (holding that a mail carrier was an independent contractor because his contract assigned the following responsibilities to him: (1) sole liability for repairing his equipment, (2) maintaining liability insurance on his equipment, and (3) safely inspecting and loading vehicles).

On the other hand, some provisions of the contract seem to indicate that the USPS did exercise a significant amount of control over Defendant Pavlicka's "day-to-day operations." For example, the contract provides: (1) a detailed route that she must follow, including the precise order of turns down different streets; (2) the

time in which certain tasks should be completed; (3) the manner in which she must distribute the mail, including protecting mail "sanctity," scanning parcels when necessary, and placing parcels in specified locations such as locked lobbies and collection boxes; (4) design specifications for her transportation equipment, including four-wheel drive; (5) maintenance requirements for her transportation equipment; (6) a specific uniform that she must wear, including directions to purchase certain items from an authorized USPS supplier; and (7) the need for authorization before assigning or transferring her contract with the USPS.  (Doc. 19, at 19–23.)

These contract terms, however, do not rise to the requisite level of supervision necessary for government employee status.  *See Reyes Colon*, 2019 WL 165578, at *2 ("That the contract required [the mail carrier] to abide by certain standards in its hiring and vehicle maintenance or submit to inspections did not transform it into a federal agency."); *Estate of Anderson-Coughlin v. United States*, No. 3:16-CV-01492 (JAM), 2017 WL 6624020, at *3 (D. Conn. Dec. 28, 2017) (recognizing that the following contractual requirements were an insufficient basis to demonstrate that the USPS exercised control over the mail carrier's day to day operations: (1) specific times for picking up and unloading mail each day, (2) technical specifications for mail transportation equipment, (3) standards for hiring subcontractors and vehicle maintenance, and (4) routine vehicle inspections);

*Jones*, 2013 WL 2477288, at *6 (same).  This conclusion is in accord with a number of courts that found mail carriers with HCR contracts similar to Defendant Pavlicka's HCR contract were independent contractors rather than government employees.  *See Estate of Anderson-Coughlin*, 2017 WL 6624020, at *4 (collecting cases); *Jones*, 2013 WL 2477288, at *6 (same).  Plaintiffs' claims that seek to hold Defendant Unites States liable for Defendant Pavlicka's negligence are therefore barred by the independent contractor exception.[4]

### 2. The discretionary function exception shields Defendant United States from liability for any negligence in hiring, training, supervising, and retaining Defendant Pavlicka.

Defendant United States contends that the discretionary function exception shields it from liability for Plaintiffs' remaining claims, i.e., negligence in hiring, supervising, training, and retaining Defendant Pavlicka.  The United States bears "the burden of proving the applicability of the discretionary function exception."  *Cestonaro v. United States,* 211 F.3d 749, 756 n.5 (3d Cir. 2000) (internal quotations omitted).  To determine if the discretionary function exception

---

[4] Defendant United States also contends that Defendant Pavlicka is an independent contractor because she (1) was paid pursuant to a Form 1099, (2) was not paid pursuant to a Form W-2 with taxes withheld, and (3) did not receive federal government benefits or annual sick leave.  (Docs. 19, at 6; 16, at 16, 18.)  *See Jones*, 2013 WL 2477288, at *3 (finding that a mail carrier was an independent contractor because the USPS paid him through a Form 1099, did not withhold social security taxes from his payments, and did not provide him federal employee benefits or leave).  Although the court acknowledges Defendant United States' arguments, the court declines to address them because the court has already determined that Defendant Pavlicka was an independent contractor for the above stated reasons.

protects the United States from liability, courts must undertake a two-part inquiry. *Merando v. United States*, 517 F.3d 160, 164 (3d Cir. 2008) (citing *United States v. Gaubert*, 499 U.S. 315, 322–23 (1991)).

First, the court must assess whether the conduct giving rise to the alleged injury implicates a federal statute, regulation, or policy that mandates a course of action versus a federal statute, regulation, or policy that involves an element of judgment, choice, or discretion. *Merando*, 517 F.3d at 164–65. An act is considered mandatory when "the employee has no rightful option but to adhere to the directive." *Id.* at 164 (internal quotations omitted). Under the FTCA, the government is protected from liability when a government employee obeys a mandatory federal directive and an injury ensues. *Id.* The Government, however, is not shielded from liability when a government employee fails to follow a mandatory federal directive and an injury ensues. *Id.* at 165.

Second, if the act giving rise to the alleged injury implicates a federal statute, regulation, or policy that involves a judgment or choice, then the court must determine "whether that judgment is of the kind that the discretionary function exception was designed to shield." *Id.* In other words, "[t]he touchstone of the second step of the discretionary function test is susceptibility to policy analysis." *Cestonaro*, 211 F.3d at 753. The focus of the inquiry is "not on the

agent's subjective intent in exercising the discretion conferred by the statute or regulation." *Merando*, 517 F.3d at 164–65.

The court will begin by identifying the conduct at issue.  Defendant United States contends that the conduct at issue for the purposes of the discretionary function exception is "whether the USPS negligently hired or supervised [Defendant] Pavlicka."  (Doc. 16, at 23.)  Plaintiffs and Defendant Pavlicka argue that the conduct at issue is whether Defendant Pavlicka was negligently driving her vehicle pursuant to the contract with the USPS.  (Doc. 20, at 24.)  As explained above, Plaintiffs' claim that the United States is liable for Defendant Pavlicka's negligent driving is already barred by the independent contractor exception.  Here, Defendant United States claims that Plaintiffs' remaining claims against it, for negligence in hiring, supervision, training, and retention of Defendant Pavlicka, are barred by a different exception to the FTCA, the discretionary function exception.  Thus, the conduct at issue for the purpose of this analysis is whether the USPS negligently hired, trained, supervised, and retained Defendant Pavlicka.

The court will turn to the first step in the discretionary function analysis— assessing whether the USPS's negligent hiring, supervision, training, and retention of Defendant Pavlicka implicates a federal statute, regulation, or policy that mandates a course of action.  With respect to Defendant Pavlicka's hiring, the USPS has the discretion to negotiate and execute contracts providing for mail

transportation services. *See* 39 U.S.C. § 5005(c) (stating that the USPS may obtain

mail transportation service "by contract from any person or carrier for surface and

water transportation under such terms and conditions as it deems appropriate").

Therefore, the government did not violate a federal statute, regulation, or policy

that mandates a specific course of action. *See also Smith v. Johns-Manville Corp.*,

795 F.2d 301, 308 (3d Cir. 1986) ("The fact that the plan implemented may, in

hindsight, seem ill-advised, imprudent, or lacking in a rational policy basis 'in no

way changes the character of the function under scrutiny'; rather the lack of a

rational or careful plan or even the lack of policy goes to the actor's abuse of

discretion.). The USPS also has discretion in the manner it trains, supervises, and

retains mail carriers, as the parties have not identified any federal statutes that

dictate the approach by which the USPS is required to train, supervise, or manage

its contractors. *See Alinsky v. United States*, 415 F.3d 639, 647–48 (7th Cir. 2005)

(stating that when an FTCA claim is premised on negligent oversight, the plaintiff

must "identify any mandatory statute or regulation dictating how the [federal

agency] must oversee private contractors or assure the contractor complies with

federal regulations and the contract provisions."); *Molchatsky v. United States*, 778

F. Supp. 2d 421, 435 (S.D.N.Y. 2011), *aff'd*, 713 F.3d 159 (2d Cir. 2013) ("In the

absence of allegations demonstrating relevant mandatory obligations, the Court

presumes that the challenged acts and omissions are discretionary and not

amenable to suit."); *see also Jones*, 2013 WL 2477288 at \*7 (stating that "it is beyond controversy" that the USPS's decisions regarding the manner in which the USPS supervised and monitored the driver at issue involve elements of judgment and choice). The USPS's decisions regarding Defendant Pavlicka's hiring, supervision, training, and retention involve elements of judgment, choice, or discretion and were not violative of a mandatory federal statute, regulation, or policy.

Next, the court will turn to the second step in the discretionary function analysis—determining whether the USPS's hiring, supervision, training, and retention of Defendant Pavlicka involve a judgment or choice that is susceptible to policy analysis. The USPS's discretion to negotiate and execute contracts for mail transportation services is susceptible to policy analysis. Congress gave the USPS the authority to obtain mail transportation services "by contract from any person or carrier for surface and water transportation under such terms and conditions as it deems appropriate." 39 U.S.C.A. § 5005(a)(3). In assessing whether to arrange transportation of mail by contract or government motor vehicle, the USPS may use "the mode of transportation which best serves the public interest, due consideration being given to the cost of the transportation service under each mode." 39 U.S.C.A. § 5005(c). Such considerations, e.g., serving the public interest and fiscal responsibility, involve public policy considerations. *See Bernitsky v. United*

*States*, 620 F.2d 948, 955 (3d Cir. 1980) (stating that "matters involving balancing of policy considerations in advancing the public interest" fall within the scope of the discretionary function exception); *Jones*, 2013 WL 2477288, at *8 ("Judgments regarding the manner in which to allocate government resources most efficiently are quintessentially discretionary policy decisions of the sort that courts typically recognize that Congress intended to protect."); *Miller v. United States*, 642 F. Supp. 2d 437, 440, 443 (M.D. Pa. 2009) (finding that a federal agency's decision "was susceptible to policy analysis, with the underlying policies being the economic concerns").

The USPS's decisions regarding the supervision, training, and retention of its mail carriers are also susceptible to policy analysis. *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 819–20 (1984) ("When an agency determines the extent to which it will supervise the safety procedures of private individuals, it is exercising discretionary regulatory authority of the most basic kind."); *Alinsky*, 415 F.3d at 648 (stating that "the discretionary function exemption protects the government from liability for claims premised on the lack of training, oversight, or qualifications of [its contractors], since the government acted within its discretion to contract those responsibilities out to [its contractors]"); *Estate of Anderson-Coughlin*, 2017 WL 6624020, at *5 (stating that the plaintiffs' claims of negligence regarding the

USPS's supervision of [its mail carriers] are barred by the discretionary function exception). Plaintiffs' claims based on the USPS's alleged negligence in the hiring, supervision, training, and retention of Defendant Pavlicka are therefore barred by the discretionary function exception. In sum, all of Plaintiffs' FTCA claims will be dismissed.[5] Defendant United States will be removed as a party from this litigation.

### C. The court relinquishes jurisdiction over Plaintiffs' remaining state law claims.

Because all claims against Defendant United States will be dismissed, Plaintiffs' remaining allegations consist of two state law tort claims against Defendant Pavlicka: (1) Plaintiff Douglas Chapman alleges a negligence claim against Defendant Pavlicka and (2) Plaintiff Susan Chapman alleges a loss of consortium claim against Defendant Pavlicka. (Doc. 1, at 7, 15.) A federal court has supplemental jurisdiction over any state law claims which arise out of the same case or controversy as those claims over which the court has original jurisdiction. 28 U.S.C. § 1367(a).[6] When a district court has dismissed all claims over which it had original jurisdiction, the court may decline to exercise

---

[5] Because this court has dismissed all of Plaintiffs' tort claims against Defendant United States, Plaintiff Susan Chapman's loss of consortium claim against Defendant United States is also properly dismissed. (Doc. 1, at 16.) *See Banks v. Int'l Rental & Leasing Corp.*, 680 F.3d 296, 300 n.6 (3d Cir. 2012) (noting that a loss of consortium claim "must rise or fall" with the underlying tort claim).

[6] Diversity jurisdiction pursuant to 28 U.S.C. § 1332 is not alleged in this case.

supplemental jurisdiction over any remaining state law claims.  28 U.S.C. §

1367(c)(3).  Although the district court's decision to exercise supplemental

jurisdiction is within its discretion, courts ordinarily decline to exercise

supplemental jurisdiction when all federal claims have been dismissed and only

state law claims remain.  *See Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009).

Here, the court will relinquish jurisdiction over Plaintiffs' remaining state law tort

claims because all of Plaintiffs' FTCA claims, which the court has original

jurisdiction over, have been dismissed.

## CONCLUSION

For the foregoing reasons, the court will grant Defendant United States'
motion to dismiss all claims against it for lack of subject matter jurisdiction under
the FTCA.  Defendant United States will be terminated as a party from this
litigation.  The court will relinquish jurisdiction over Plaintiffs' remaining state
law claims.  As there are no remaining claims, the Clerk of Court will be directed
to close this case.  An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: August 19, 2020